UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YVONNE TAYLOR,

      Plaintiff,

vs.                                              Case No. 05-CV-70489
                                              HON. GEORGE CARAM STEEH

CITY OF ROYAL OAK, et al.,

      Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS (#40) AND AMENDING SCHEDULING ORDER

Defendants City of Detroit and Detroit Officers Watkins, Brown, Dekun, Singleton, Clyburn, Jones, Davis, and Gibson ("Detroit Defendants")[1] move to dismiss plaintiff Yvonne Taylor's 42 U.S.C. § 1983 claims of unreasonable search and seizure, failure to "knock and announce," and failure to train and supervise resulting in constitutional violations, as well as plaintiff's state claims of false arrest and imprisonment, intentional infliction of emotional distress, and gross negligence, relative to an armed, warrant based search of her Royal Oak, Michigan apartment on March 23, 2003 by Detroit and City of Royal Oak police officers. The Detroit Defendants move for involuntary dismissal under Federal Rule of Civil Procedure 41(b) for failure to prosecute, arguing plaintiff's Counsel has failed to answer October 2005 interrogatories, and that plaintiff herself has failed to appear at three noticed depositions, the latest scheduled for May 11, 2006. Plaintiff responds that she failed to appear at the scheduled May 11, 2006 deposition due to her mother's untimely death in the late evening of May 10, 2006. Plaintiff asks for an extension of the discovery cut-off date,

---

[1] City of Royal Oak, and Royal Oak Officers Murray and Zeldkiewicz, were dismissed from this lawsuit without prejudice on July 6, 2005.

which expired on May 22, 2006.  Oral argument would not significantly aid the decisional process.  Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

As succinctly set forth in Little v. Yeutter, 984 F.2d 160 (6th Cir. 1993):

> . . . Under the Federal Rules of Civil Procedure, Rule 41(b), the district court has the authority to dismiss a case for failure to prosecute. This court applies an abuse of discretion standard when reviewing the district court's dismissal of an action for failure to prosecute. Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir.1991) (citing Link v. Wabash R.R., 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962)); Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir.1980).
>
> There are competing concerns which guide whether a court should dismiss an action for failure to prosecute. On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. See Nealey v. Transportation Maritima Mexicana, S.A., 662 F.2d 1275, 1279 (9th Cir.1980). On the other hand is the policy which favors disposition of cases on their merits. Id. In recognizing those competing concerns, this circuit has stated that dismissal of an action is a harsh sanction which the court should order only in extreme situations where there is a showing of a clear record of delay or contumacious conduct by the plaintiff. See Jourdan, 951 F.2d at 110; Patterson v. Township of Grand Blanc, 760 F.2d 686, 689 (6th Cir.1985); Carter, 636 F.2d at 161. See also Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir.1987), cert. denied sub nom., Malone v. Frank, 488 U.S. 819, 109 S.Ct. 59, 102 L.Ed.2d 37 (1988); Nealey, 662 F.2d at 1280. Absent a showing of a clear record of delay or contumacious conduct, the order of dismissal is an abuse of discretion, such that the district court is limited to lesser sanctions designed to achieve compliance. Carter, 636 F.2d at 161.
>
> As stated in Carter, "'the key is a failure to prosecute, whether styled as a failure to appear at a pre-trial conference, failure to file a pre-trial statement, failure to prepare for conference, or failure to comply with the pre-trial order.'" Id. (quoting J.F. Edwards Constr. Co. v. Anderson Safeway Guard Rail Corp., 542 F.2d 1318, 1323 (7th Cir.1976)).

Little, 984 F.2d at 162.

The court is not persuaded at this point that the harsh sanction of dismissal is warranted.  The Detroit Defendants' stated fear that discovery is incomplete may be remedied by amending the current scheduling order.  Docket management concerns, the

public's interest in expeditious resolution of litigation, and any risks of prejudice to the defendants are, on the record to date, outweighed by the policy that favors resolution of cases on their merits, particularly constitutional claims.  The record does not indicate that the Detroit Defendants ever moved to compel plaintiff to respond to the October 2005 interrogatories.  Plaintiff has expressed a willingness to attend a rescheduled deposition. The court declines at this juncture to sanction plaintiff given the available remedy of amending the scheduling order.  The parties are forewarned, however, that the court will not hesitate to consider dismissal as a sanction in the future should the record support such relief.  Accordingly,

The Detroit Defendants' motion for dismissal under Rule 41(b) for failure to prosecute is hereby DENIED, and the January 24, 2006 Scheduling Order is hereby AMENDED as follows:

DISCOVERY CUT-OFF DATE: September 11, 2006

STIPULATION FOR CASE EVALUATION:  September 11, 2006

DISPOSITIVE MOTION CUT-OFF DATE: October 11, 2006

JOINT FINAL PRE-TRIAL ORDER DUE: January 16, 2007

FINAL PRE-TRIAL CONFERENCE DATE: January 22, 2007, at 9:00 a.m.

JURY TRIAL DATE: January 30, 2007, at 9:00 a.m.

SO ORDERED.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  July 10, 2006

CERTIFICATE OF SERVICE
Copies of this Order were served on the attorneys of record on July 10, 2006, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

3